Khatri v. Garland

BIA
Nelson, IJ
A208 927 547

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of July, two thousand twenty-four.

PRESENT:
> JOSÉ A. CABRANES,
> SUSAN L. CARNEY,
> MICHAEL H. PARK,
> > *Circuit Judges.*

_____

BHIM BAHADUR KHATRI,
> *Petitioner,*

> v.                                                                    **22-6389**
>                                                                         **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**           Khagendra Gharti Chhetry, Chhetry & Associates, P.C., New York, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Stephen J. Flynn, Assistant Director; Lindsay Marshall, Attorney; Amber McComas, Law Clerk, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bhim Bahadur Khatri, a native and citizen of Nepal, seeks review of an August 3, 2022, decision of the BIA affirming a July 11, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bhim Bahadur Khatri,* No. A208 927 547 (B.I.A. Aug. 3, 2022), *aff'g* No. A208 927 547 (Immig. Ct. N.Y. City July 11, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have considered both the IJ's and BIA's opinions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review factual findings for substantial evidence and questions of law and application of law to fact de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any

reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An applicant for asylum and withholding of removal must establish past persecution or a fear of future persecution. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(a), (b), 1208.16(b). "To qualify as persecution the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is unable or unwilling to control." *Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) (quotation marks omitted). "Under the unwilling-or-unable standard, a finding of persecution ordinarily requires a determination that government authorities, if they did not actually perpetrate or incite the persecution, condoned it or at least demonstrated a complete helplessness to protect the victims." *Singh v. Garland*, 11 F.4th 106, 114–15 (2d Cir. 2021) (quotation marks omitted).

We deny the petition as to asylum and withholding of removal. Khatri alleged past persecution by Maoists on account of his work for the Nepali Congress Party. The agency reasonably found that Khatri failed to meet his burden to establish that the government was or would be unable or unwilling to

3

protect him because he did not report the attack to the police and country conditions evidence does not establish that authorities are unwilling or unable to intervene.

Khatri argues that the agency failed to consider the reasons why he did not notify police: that the nearest police station was four hours away, that Maoists were aligned with police, and that Maoists might have retaliated against his family. While the IJ and BIA may not "ignore[] ample record evidence tending to show that [authorities] were unwilling to investigate the abuse suffered" by an applicant, *Pan v. Holder*, 777 F.3d 540, 544–45 (2d Cir. 2015), they "need not engage in robotic incantations to make clear that [they] ha[ve] considered and rejected a petitioner's proffered explanation," *Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) (quotation marks omitted). Here, the IJ noted Khatri's explanations, but found "no indication that [authorities] condone[] violence perpetrated by private individuals." Similarly, the BIA cited the parts of Khatri's brief that reiterated these explanations, but found that, "contrary to these assertions, the country conditions evidence did not adequately establish that he would not be protected if returned to Nepal." This analysis is sufficient. *Id.* ("[W]e have never required . . . that an IJ expressly parse or refute on the record

4

each and every one of a petitioner's purported explanations for . . . evidentiary gaps.").

Khatri's argument that the agency relied excessively on country conditions evidence is misplaced. We have cautioned the agency to "be careful to not place excessive reliance on published reports of the Department of State," and "not automatically discredit contrary evidence presented by the applicant," but Khatri does not point to evidence that supports his claim that police would not have protected him, and his uncorroborated testimony is insufficient to compel a contrary conclusion. *Tian-Yong Chen v. INS*, 359 F.3d 121, 131 (2d Cir. 2004). Khatri's country conditions evidence reflects that both the police and army have arrested over 1,700 people engaged in political violence, and dispatched thousands of police officers to election sites to deter politically motivated violence. Khatri points to a Department of State report detailing that some "officials engaged in corrupt practices with impunity," but a general statement about corruption is insufficient to meet his burden of proof. *See Singh*, 11 F.4th at 116 (requiring an applicant to do more than "simply point to general country-conditions evidence"). Khatri's failure to notify the police or provide objective evidence supporting his assertion that the police were or are unable or unwilling

to assist victims of Maoist violence is fatal to his claims for asylum and withholding of removal. *See Garland v. Ming Dai*, 593 U.S. 357, 366 (2021) ("[S]o long as the record contains contrary evidence of a kind and quality that a reasonable factfinder could find sufficient, a reviewing court may not overturn the agency's factual determination." (quotations omitted)).

Finally, Khatri has abandoned his CAT claim by failing to adequately argue it in his brief. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief" and a brief "must contain appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which appellant relies.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court